*Fellows v. Vermont Department of Corrections*, 677-11-17 Wncv (Teachout, J., June 20, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                                CIVIL DIVISION
Washington Unit                                              Docket No. 677-11-17 Wncv

FRANK FELLOWS
    Plaintiff

    v.

VERMONT DEPARTMENT OF CORRECTIONS
    Defendant

### DECISION
### Mr. Fellows' Motion to Reconsider

Mr. Fellows is an inmate in the custody of the Vermont Department of Corrections. In the complaint, he alleges that his glaucoma was not treated properly while incarcerated and he lost his eyesight and his eye and suffered substantial pain. He sought compensatory damages. The State appeared and filed a motion to dismiss on two bases: failure to serve the summons and complaint, and failure to file a 12 V.S.A. § 1042 certificate of merit with the complaint. The court dismissed the complaint without prejudice for lack of a certificate of merit without addressing the failure to serve. On reconsideration, Mr. Fellows argues that his claim is for medical neglect rather than medical malpractice, and that neglect is not subject to § 1042.

The certificate of merit requirement generally applies to all civil actions "filed to recover damages resulting from personal injury or wrongful death . . . in which it is alleged that such injury or death resulted from the negligence of a health care provider." 12 V.S.A. § 1042(a).

Mr. Fellows appears to be attempting to distinguish between a medical negligence claim requiring a certificate and an alleged Eighth Amendment claim, deliberate indifference to a serious medical need, that may not be predicated on the negligence of a health care provider and thus not require a certificate.

The complaint is confusing and could be read to include allegations implying that access to care was withheld rather than that the care provided was negligent. So construed, the complaint may not be subject to the certificate of merit requirement and should not have been dismissed on this basis.

However, the alternative basis for dismissal is dispositive. A defendant must be served within 60 days of the filing of the complaint in a case so initiated. V.R.C.P. 3. No proof of service has ever been filed with the court. See V.R.C.P. 4(i). This case was properly dismissed without prejudice, albeit on this alternative ground.

**Order**

For the foregoing reasons, Mr. Fellows' Motion to Reconsider is denied.

Dated at Montpelier, Vermont this ____ day of June 2018.

_____
Mary Miles Teachout,
Superior Judge